W. R. HAZEN *et al.* v. JOSIE WEBB *et al.*

No. 13,432.   (74 Pac. 1111.)

SYLLABUS BY THE COURT.

JUDICIAL SALE—*Sheriff's Return Insufficient.* Where the return of a sheriff on an execution or order of sale under which he has sold real estate does not show when or how long he caused the notice of sale to be published, the sale is voidable, and should be set aside on motion.

Error from Jackson district court; MARSHALL GEPHART, judge.   Opinion filed January 9, 1904.   Reversed.

*W. R. Hazen, H. W. Page,* and *Whitcomb & Hamilton,* for plaintiffs in error.

*Henry Keeler, D. R. Hite,* and *Rossington, Smith & Histed,* for defendants in error.

The opinion of the court was delivered by

GREENE, J. : This proceeding arose in the court below on a motion to confirm a sale of real estate and a motion to set aside such sale.   Upon the hearing the court overruled the motion to set aside the sale and sustained the one to confirm it.   The defendants prosecute this proceeding.

The petition in error presents many questions, and counsel have argued them extensively.   The only one this court can examine is whether the court erred in overruling the motion to set aside the sale.   The particular objection urged to the confirmation is that the return of the sheriff did not show that notice of sale had been published as required by law.   We think this contention well founded.   That part of the return of the sheriff referring to the publication of the notice reads :

"I caused public notice that I would sell said property at public auction to the highest bidder in the manner directed by said writ on June 24, 1902, at ten o'clock A. M., at the east front door of the Shawnee county court-house, in the city of Topeka, in said Shawnee county, to be given by advertisement in the *Mail and Breeze*, a weekly newspaper regularly printed and published and of general circulation in said county of Shawnee."

The writ does not direct the manner of publishing the notice.   This the officer gets from the statute.   It is not shown by the return when, or how long, this notice was published in the *Mail and Breeze*.   Section 4905, General Statutes of 1901, provides :

"Lands and tenements taken on execution shall not be sold until the officer causes public notice of the time and place of sale to be given for at least thirty days before the day of sale, by advertisement in some newspaper regularly printed and published and having a general circulation in the county."

The return of the officer should show a full and explicit compliance with this statute.   Any omission in this respect will render the sale voidable.   (*Paine v. Spratley*, 5 Kan. 525 ; *Moore v. Pye*, 10 id. 246 ; *McCurdy v. Baker*, 11 id. 111 ; *Rounsaville v. Hazen*, 33 id. 71, 5 Pac. 422.)

By reason of the omission of the officer to show in his return that he had caused the notice of sale to be published as required by law, the motion to set aside the sale should have been sustained and the motion to confirm it overruled.

There appears in the record the affidavit of the business manager of the *Mail and Breeze* showing that such notice was published as required by law.   This, however, is not made a part of the sheriff's return, and, so far as the record is concerned, does not appear

to have been offered in evidence to prove that the notice had been published.

For the reasons indicated the cause is remanded, with instructions that unless the return of the sheriff, upon proper application and showing, be amended to comply with the statute, or unless, upon proper application therefor, it be shown that the notice of such sale was in fact published as required by statute, the order of confirmation and sale be set aside.

All the Justices concurring.